UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Peter J. Apicelli

    v.                                   Civil No. 18-cv-302-JD
                                         Opinion No. 2018 DNH 085

United States of America

O R D E R

Peter Apicelli, proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2255 from his conviction and sentence for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1).[1] In support, he challenges the prosecution of the charge against him in federal rather than state court and argues that the court was required to abstain from hearing the case. He also argues that his trial counsel was ineffective for failing to raise abstention.

Standard of Review

A prisoner in federal custody may move in the court that imposed the sentence "to vacate, set aside or correct the

---

[1] Apicelli states that he is proceeding "sui juris" without any explanation of the effect of that alleged status.

sentence."[2] § 2255(a). "The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence."[3] Rule 4(a), Rules Governing Section 2255 Proceedings. The judge must then examine the motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b).

"Summary dismissal of a § 2255 [motion] is appropriate if it plainly appears from the face of the motion that the movant is not entitled to relief." Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995). That is, a § 2255 motion must be summarily dismissed if the "allegations, accepted as true, would not entitle the [moving party] to relief." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990). Further, a section 2255 motion "is subject to dismissal, without an evidentiary hearing,

---

[2] Based on his sentence and Apicelli's reporting date, it appears that he is no longer incarcerated on his federal sentence but remains on supervised release. See Jackson v. Coalter, 337 F.3d 74, 78-9 (1st Cir. 2003) (holding that supervised release is sufficient to satisfy the "in custody" requirement of § 2255).

[3] Although Apicelli states that he is requesting a "three judge panel" to consider his habeas motion, he provides no support for that request. See § 2255(a) (requiring motion to be filed with the sentencing judge); cf., e.g., 28 U.S.C. § 2284 (addressing three-judge district court).

if the grounds for relief either are not cognizable under section 2255 or amount to mere bald assertions without sufficiently particular and supportive allegations of fact." Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).

## Discussion

In this case, Apicelli raises no claim that provides grounds for relief under § 2255. His claims are procedurally defaulted and meritless on their face.

A. Abstention

Apicelli was initially investigated by local and state authorities for growing marijuana, and Apicelli was charged in state court. The United States Attorney took over the case when the state prosecutor realized that a conflict of interest existed in state court. Apicelli then was charged in federal court with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Apicelli was found guilty and was sentenced to one year and one day in prison, to be followed by two years of supervised release.

Apicelli argues that this court should have abstained from hearing the federal charge against him. Apicelli did not raise that claim in this court or on appeal. United States v. Apicelli, 839 F.3d 75 (1st Cir. 2016). Therefore, the claim was

procedurally defaulted, and he has not shown cause for that omission, resulting prejudice, or actual innocence.[4] Sotinon v. United States, 617 F.3d 27, 32 (1st Cir. 2010).

In addition, Apicelli is wrong on the merits of the claim. None of the abstention doctrines he cites applies in the circumstances of this case. See Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 114-15 (1st Cir. 2012) (discussing abstention doctrines and citing cases).

B. Fifth and Fourteenth Amendments

Apicelli argues that his sentence must be vacated because, he contends, he was denied a hearing on the issue of a conflict of interest in state court and he should have been prosecuted in state court instead of federal court. He contends that the lack of a hearing and prosecution in federal court violated his Fifth and Fourteenth Amendment rights to due process and equal protection. Because Apicelli did not raise that claim here or on appeal, it is procedurally defaulted and he has not shown cause, prejudice, or actual innocence.[5]

---

[4] To the extent Apicelli intended to argue ineffective assistance of counsel as cause for the default, that claim also fails as is explained below.

[5] Counsel argued on Apicelli's behalf in the context of a motion for reconsideration that the federal case was the result of selective prosecution. The court rejected that theory on the merits and because it was improperly first raised in a motion

4

In addition, as Apicelli acknowledges, a hearing was held on March 26, 2015, where the Assistant United States Attorney explained the conflict of interest issue to the satisfaction of the court and Apicelli's counsel. United States v. Apicelli, 14-cr-12-JD, doc. no. 32, at *4 (D.N.H. Mar. 31, 2015). Further, Apicelli has not shown that any due process or equal protection rights exist that a defendant in his situation must be prosecuted in state court rather than federal court.

Apicelli also argues that his Fifth and Fourteenth Amendment rights were violated when the state charge was terminated by nolle prosequi, which he says was "an abrupt and arbitrary decision by an [sic] town police officer engaging in the unauthorized practice of law." Once again, this claim is procedurally defaulted because it was not raised in this court or on appeal, and Apicelli has not shown cause, prejudice, or actual innocence. The claim also lacks any merit.

C. Ineffective Assistance of Counsel

"To prevail on an ineffective assistance of counsel claim, [Apicelli] must show both that his 'counsel's representation fell below an objective standard of reasonableness' (the

---

for reconsideration. United States v. Apicelli, 14-cr-12-JD, 2015 WL 3515424, at *4 (D.N.H. June 4, 2015). Apicelli did not raise the issue on appeal.

5

performance prong), and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' (the prejudice prong)." Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694, (1984)). Failure to meet either prong required to show ineffective assistance of counsel obviates the claim. Strickland, 466 U.S. at 697.

Apicelli contends that his counsel provided ineffective assistance because he failed to pursue abstention to move the prosecution to state court, which omission, he asserts, led to violations of his Fifth and Fourteenth Amendment rights to due process and equal protection. He argues that his counsel's admitted lack of familiarity with abstention shows ineffective assistance. He states that the outcome would have been different had he been tried in state court.

Because abstention did not apply in Apicelli's federal criminal case, he cannot show that his counsel was ineffective in failing to raise a meritless issue. In addition, the prejudice prong requires a showing that the outcome in the federal case would have been different. Apicelli misunderstands the requirements, and in any case, cannot show ineffective assistance or prejudice.

Conclusion

For the foregoing reasons, Apicelli's motion for § 2255 relief is dismissed pursuant to initial review as required under Rule 4 of the Rules Governing Habeas Corpus Cases.

Because Apicelli has not made a substantial showing of the denial of a constitutional right, his request for a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

April 23, 2018

cc: Peter Apicelli, pro se